12/09/2014 11:32 FAX  973 992 1505      Walder Hayden                    ☎0002/0024



# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA  :    Crim. No. 1:14-CR-324

v.                       :    (J. Jones  )
                          :
                          :
JAY FINDLING, a/k/a Jay Finn  :
            Defendant  :

## PLEA AGREEMENT

The following Plea Agreement is entered into by the United States Attorney for the Middle District of Pennsylvania and the above-captioned defendant. Any reference to the United States or to the Government in this Agreement shall mean the Office of the United States Attorney for the Middle District of Pennsylvania.

1.  <u>Waiver of Indictment/Plea of Guilty</u>. The defendant agrees to waive indictment by a grand jury and plead guilty to a one count, felony Information which will be filed against the defendant by the United States Attorney for the Middle District of Pennsylvania. That Information will charge the defendant with a violation of Title 18, United States Code, Section 371, **Conspiracy to Commit Wire Fraud,** pertaining to the defendant's involvement in a scheme to defraud Rite Aid, Inc. out of money and property and to deny it the honest services of one of its officers via a surplus inventory sales kickback scheme between 2001 and

2010.  **The maximum penalty for that offense is imprisonment for a period of 5 years, a fine of $250,000, the forfeiture of assets, a maximum term of supervised release of 3 years, to be determined by the court,** which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits, and an assessment in the amount of $100.  At the time the guilty plea is entered, the defendant shall admit to the court that the defendant is, in fact, guilty of the offense(s) charged in the Information.  The defendant agrees that the United States may, at its sole election, reinstate any dismissed counts or seek additional charges in the event that the charge(s) to which the defendant has pleaded guilty pursuant to this Agreement are subsequently vacated, set aside, or invalidated by the district court or an appellate court.  The defendant further agrees to waive any defenses to reinstatement of these charges or additional charges based upon laches, the assertion of speedy trial rights, any applicable statute of limitations, or any other ground.  The calculation of time under the Speedy Trial Act for when trial must commence is tolled as of the date of the defendant's signing of this Plea Agreement.

     2.   <u>Term of Supervised Release</u>.  The defendant understands that the court must impose at least a 1 year term of supervised release in addition to any term of imprisonment, fine or assessment involving a violation of the Controlled

2

Substances Act.  The defendant also understands that the court must impose a term of supervised release following any sentence of imprisonment exceeding one (1) year, or when required by statute.  The court may require a term of supervised release in any other case.  In addition, the defendant understands that as a condition of any term of supervised release or probation, the court must order that the defendant cooperate in the collection of a DNA sample if the collection of a sample is so authorized by law.

3.  <u>No Further Prosecution, Except Tax Charges.</u>  The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant directly arising out of the defendant's involvement in the offense(s) described above.  However, nothing in this Agreement will limit prosecution for criminal tax charges, if any, arising out of those offenses.

4.  <u>Fine.</u>  The defendant understands that the court may impose a fine pursuant to the Sentencing Reform Act of 1984.  The willful failure to pay any fine imposed by the court, in full, may be considered a breach of this Plea Agreement. Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, Section 3611, *et seq.*

3

12/08/2014 11:33 FAX   973 992 1505        Walder Hayden                    ☒0005/0024

5.   Alternative Fine. The defendant understands that under the alternative fine section of Title 18, United States Code, Section 3571, the maximum fine quoted above may be increased if the court finds that any person derived pecuniary gain or suffered pecuniary loss from the offense and that the maximum fine to be imposed, if the court elects to proceed in this fashion, could be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

6.   Inmate Financial Responsibility Program. If the court  orders a fine or restitution as part of the defendant's sentence, and the sentence includes a term of imprisonment, the defendant agrees to voluntarily enter the United States Bureau of Prisons-administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect up to 50% of the defendant's prison salary and apply those amounts on the defendant's behalf to the payment of the outstanding fine and restitution orders.

7.   Special Assessment. The defendant understands that the court will impose a special assessment of $100 pursuant to the provisions of Title 18, United States Code, Section 3013. Not later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court, Middle District of Pennsylvania. If the defendant intentionally fails to make this payment this failure may be treated

4

as a breach of this Plea Agreement and may result in further prosecution, the filing

of additional criminal charges, or a contempt citation.

8.   Collection of Financial Obligations.   In order to facilitate the

collection of financial obligations to be imposed in connection with this case,

defendant consents and agrees to the following:

(a) to fully disclose all assets in which defendant has an interest or over
which defendant has control, directly or indirectly; including those held by a
spouse, nominee, or other third party.

(b) to submit to interviews by the Government regarding the defendant's
financial status;

(c) to submit a complete, accurate and truthful financial statement on the
form provided by the Government to the United States Attorney's Office not
later than 14 days following entry of the guilty plea;

(d) whether represented by counsel or not, to consent to contact by and
communication with the Government, and to waive any prohibition against
communication with a represented party by the Government  regarding
defendant's financial status;

(e) to authorize the Government to obtain the defendant's credit reports in
order to evaluate the defendant's ability to satisfy any financial obligations
imposed by the court;

(f) to submit any financial information requested by the Probation Office as
directed and to the sharing of financial information between the Government
and the Probation Office.

9. Determination of Sentencing Guidelines.   The defendant and counsel for

both parties agree that the United States Sentencing Commission Guidelines,

5

12/09/2014 11:34 FAX  973 892 1505      Walder Hayden                    @0007/0024

which took effect on November 1, 1987, and its amendments, as interpreted by

*United States v. Booker*, 543 U.S. 220 (2005), will apply to the offense or offenses

to which the defendant is pleading guilty. The defendant further agrees that any

legal and factual issues relating to the application of the Federal Sentencing

Guidelines to the defendant's conduct, including facts to support any specific

offense characteristic or other enhancement or adjustment and the appropriate

sentence within the statutory maximums provided for by law, will be determined

by the court after briefing, a pre-sentence hearing, and/or a sentencing hearing.

10. <u>Acceptance of Responsibility– Three Levels</u>. If the defendant can

adequately demonstrate recognition and affirmative acceptance of responsibility to

the Government as required by the Sentencing Guidelines, the Government will

recommend the defendant receive a three level reduction in the defendant's offense

level for acceptance of responsibility. The third level, if applicable, shall be within

the discretion of the Government under U.S.S.G. § 3E1.1. The failure of the court

to find that the defendant is entitled to a three level reduction shall not be a basis to

void this Plea Agreement.

11. <u>Specific Recommendation of Sentence</u>. At the time of sentencing, the

United States will make a specific recommendation within the applicable guideline

12/09/2014 11:34 FAX   973 992 1505        Walder Hayden                    @0008/0024

range and reserves the right to recommend the maximum sentence within that

range.

12.   Full Cooperation.  The defendant agrees to cooperate fully with the

United States.  The defendant understands and agrees that complete and truthful

cooperation is a material condition of this Agreement.  Cooperation shall include

providing all information known to the defendant regarding any criminal activity,

including but not limited to the offenses described in this Agreement.  Cooperation

will also include complying with all reasonable instructions from the United States,

submitting to interviews by investigators and attorneys at such reasonable times

and places to be determined by counsel for the United States and to testify fully

and truthfully before any grand juries, hearings, trials or any other proceedings

where the defendant's testimony is deemed by the United States to be relevant.

This may include submitting to interviews and testifying at proceedings after

defendant has been sentenced in this matter.  The defendant understands that such

cooperation shall be provided to any state, local and federal law enforcement

agencies designated by counsel for the United States.  The United States agrees

that any statements made by the defendant during the cooperation phase of this

Agreement shall not be used against the defendant in any subsequent prosecutions

unless and until there is a determination by the court that the defendant has

7

breached this Agreement.  However, the United States will be free to use at

sentencing in this case any of the statements and evidence provided by the

defendant during the cooperation phase of the Agreement.  Moreover, the parties

agree that, although the defendant's statements made during the cooperation phase

cannot be used against the defendant in any subsequent criminal prosecution, this

provision shall not preclude the United States from requiring the defendant to

submit to interviews by local, state or federal agencies which may use these

statements in civil or administrative proceedings involving the defendant.  The

defendant waives and agrees to waive any rights under the Speedy Trial Act, and

understands and agrees that sentencing may be delayed until the cooperation phase

has been completed so that at sentencing the court will have the benefit of all

relevant information.

13.    Substantial Assistance.  The defendant has agreed to cooperate with

the United States.  Upon completion of the cooperation, if the United States

believes the defendant has provided "substantial assistance" pursuant to Title 18,

United States Code, Section 3553(e) or Section 5K1.1 of the United States

Sentencing Guidelines and has fully complied with the terms of this Agreement,

the United States may request the court to depart below any applicable mandatory

minimum range only, any guideline range only, or both, when fixing a sentence for

8

the defendant. The United States specifically reserves the right to make a specific recommendation of a term of months to the court. However, the defendant acknowledges that the United States may decline to exercise its discretion and recommend a departure if the defendant breaches any of the provisions of this Agreement, or commits any other offense or violates any condition of pre-trial release while awaiting plea or sentencing, or if the defendant's plea involved a guilty plea to an offense which reduces the defendant's maximum possible sentence below the imprisonment range otherwise called for by the Sentencing Guidelines in this case.

14.   Cooperation – Limitation on self-incriminating information. The defendant has agreed to cooperate with the United States by providing information concerning the unlawful activities of others. The United States agrees that self-incriminating information so provided will not be used against the defendant in determining the applicable guideline range except to the extent provided in this Agreement. This provision, however, shall not be applied to restrict the use of information:

(a)   known to the United States prior to entering into the cooperation agreement;

(b)   concerning the existence of prior convictions and sentences;

9

12/09/2014 11:35 FAX   873 992 1505       Walder Hayden                           ☐ 0011/0024

(c)    in a prosecution for perjury, giving a false statement, or obstruction of justice;

(d)    in the event there is a breach of the cooperation agreement.

15.    <u>Polygraph Examination</u>.  The defendant, if requested by the attorney for the United States, agrees to submit to polygraph examinations by an examiner selected by the United States.

16.    <u>Admissibility of Polygraph Results</u>.  The parties agree that at any court hearings held to determine whether the defendant has breached this Agreement, the polygraph results and the examiner's conclusions and opinions shall be admissible.  The parties also agree that such polygraph data shall be admissible at any sentencing hearings involving the defendant.

17.    <u>Further Prosecution for Perjury, False Statements</u>.  Nothing in this Agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this Agreement, including perjury, false declaration, or false statement, in violation of Title 18, United States Code, Sections 1621, 1623, or 1001, or obstruction of justice, in violation of Title 18, United States Code, Sections 1503, 1505, or 1510, should the defendant commit any of those offenses during the cooperation phase of this Agreement.  Should the defendant be charged with any offense alleged to have occurred after the date of this Agreement, the

information and documents disclosed to the United States during the course of the cooperation could be used against the defendant in any such prosecution.

18.    Disclosure of Assets.  This Agreement is being entered into by the United States on the basis of the express representation that the defendant is making full and complete disclosure of all assets over which the defendant exercises control.  The defendant agrees to submit to a polygraph examination by an examiner selected by the Government to verify the defendant's complete and candid compliance with this provision of the Plea Agreement.  The defendant also understands that a failure to make a full disclosure or lack of candor revealed by a polygraph examination would constitute a breach of this Plea Agreement, subjecting the defendant to the sanctions set forth in this Plea Agreement. Conditioned upon such full disclosure, the United States agrees not to seek the seizure/forfeiture of any of the defendant's assets other than those set forth in this Agreement.

19.    Victims' Rights.  The defendant understands that pursuant to the Victim and Witness Protection Act, the Crime Victims' Rights Act, the Justice for All Act, and the regulations promulgated under those Acts by the Attorney General of the United States, crime victims have the following rights:

(a)    The right to be reasonably protected from the accused;

11

(b)     The right to reasonable, accurate, and timely notice of any public court proceeding or any parole proceeding involving the crime, or of any release or escape of the accused;

(c)     The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding;

(d)     The right to be reasonably heard at any public hearing in the district court involving release, plea, sentencing, or any parole proceeding.  The defendant understands that the victim's comments and recommendations at any of these proceedings may be different than those of the parties to this Agreement;

(e)     The reasonable right to confer with the attorney for the Government in the case.  The defendant understands that the victim's opinions and recommendations given to the attorney for the Government may be different than those presented by the United States as a consequence of this Agreement;

(f)     The right to full and timely restitution as provided for by law.  The attorney for the Government is required to "fully advocate the rights of victims on the issue of restitution unless such advocacy would unduly prolong or complicate the sentencing proceeding," and the court is authorized to order restitution by the defendant including, but not limited to, restitution for property loss, economic loss, personal injury, or death;

(g)     The right to proceedings free from unreasonable delay; and

(h)     The right to be treated with fairness and with respect for the victim's dignity and privacy.

12

20.   <u>Amount of Loss</u>   The parties agree that the pecuniary loss, if any, sustained by the victim, Rite Aid, Inc., as a result of the defendant's conduct will be determined by the court prior to sentencing.

21.   <u>Forfeiture.</u>   The Information that will be filed against the defendant by the government pursuant to this plea agreement will seek the criminal forfeiture of the sum of **$11,629,091** from the defendant.   Defendant hereby agrees and consents to the following:

(a)   **Forfeiture of the sum of $11,629,091.  Defendant agrees to tender a certified or cashiers' check payable to the United States Marshals Service, Asset Forfeiture Fund, in that amount at the time of the entry of his guilty plea.** The defendant stipulates and agrees that the defendant's guilty plea constitutes an admission to all matters legally and factual necessary for the entry of said criminal forfeiture order in this case.

(b)   Immediate entry of a preliminary order of forfeiture;

(c)   Waiver of the right to personal service of all process and naming of **Justin P. Walder, Esq.**, counsel for the defendant, as agent for service of all process;

(d)   Waiver of the right to appear and contest any portion of the forfeiture proceedings, including but not limited to any motion or proceeding for substitute assets;

(e)   The filing and entry of a consent decree of forfeiture;

(f)   Disclosure, no later than upon signing this Agreement, of all persons and entities holding any equitable or legal interest in the property, real or personal, subject to forfeiture pursuant to this Agreement;

13

(g)   Concurrence in any motion necessary to be filed and the signing any documents necessary to effectuate forfeiture;

(h)   Payment of costs associated with the seizure, storage, and maintenance of the any asset returned to defendant as a result of this Agreement;

(i)   In the event any assets are returned to the defendant, such return does not amount to having "substantially prevailed" in the pursuit of any claim, and defendant agrees to make no claim against the United States or any of its agencies or employees, including claims for attorney fees and costs of litigation;

(j)   Waiver of any double jeopardy challenges the defendant may have to any administrative or civil forfeiture actions, pending or completed, arising out of the course of conduct forming the basis for the forfeitures.

22.   Restitution. The defendant agrees to make restitution to the victim in this case in the amount, if any, and manner determined by the court. The defendant acknowledges that, pursuant to the Mandatory Restitution Act of April 24, 1996, Title 18, United States Code, Section 3663A, the court is required in all instances to order full restitution to all victims for the losses those victims have suffered as a result of the defendant's conduct. The defendant also agrees that the Government may seek and the court may impose an order of restitution as to victims of the defendant's relevant conduct. With respect to the payment of restitution, the defendant further agrees that, as part of the sentence in this matter, the defendant shall be responsible for making payment of all restitution ordered by the court in full, unless the defendant can demonstrate to the satisfaction of the

court that the defendant's economic circumstances do not allow for the payment of full restitution in the foreseeable future, in which case the defendant will be required to make partial restitution payments.  The defendant understands and agrees that the Government has the obligation and the right to pursue any legal means, including but not limited to submission of the debt to the Treasury Offset Program, to collect the full amount of restitution owed to the victim(s) in a timely fashion.  The defendant understands that the amount of restitution calculated for purposes of Chapter 5 of the Sentencing Guidelines might be different than the amount of loss calculated for purposes of Chapter 2 of the Sentencing Guidelines. Although the defendant may reserve the right to contest the amount of restitution owed, the defendant agrees to take all steps to facilitate collection of all court ordered restitution, including submitting to debtor's exams as directed by the Government.  The defendant also acknowledges that he has no right to offset any portion of the $11,629,091 criminal forfeiture recovered in this case against the restitution ordered by the court.

    23.   <u>Background Information for Probation Office</u>.  The defendant also understands that the United States will provide to the United States Probation Office all information in its possession which the United States deems relevant

regarding the defendant's background, character, cooperation, if any, and involvement in this or other offenses.

24.    Objections to Pre-Sentence Report.    The defendant understands that pursuant to the United States District Court for the Middle District of Pennsylvania "Policy for Guideline Sentencing" both the United States and defendant must communicate to the Probation Officer within fourteen (14) days after disclosure of the pre-sentence report any objections they may have as to material information, sentencing classifications, sentencing guideline ranges and policy statements contained in or omitted from the report.  The defendant agrees to meet with the United States at least five (5) days prior to sentencing in a good faith attempt to resolve any substantive differences.  If any issues remain unresolved, they shall be communicated to the Probation Officer for inclusion in an addendum to the pre-sentence report.  The defendant agrees that unresolved substantive objections will be decided by the court after briefing, or a pre-sentence hearing, or at the sentencing hearing where the standard or proof will be a preponderance of the evidence, and the Federal Rules of Evidence, other than with respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the court may consider any reliable evidence, including hearsay.  Objections by the defendant to the pre-

16

sentence report or the court's rulings, will not be grounds for withdrawal of a plea of guilty.

25.    Relevant Sentencing Information.  At the sentencing, the United States will be permitted to bring to the court's attention, and the court will be permitted to consider, all relevant information with respect to the defendant's background, character and conduct including the conduct that is the subject of the charges which the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any.  The United States will be entitled to bring to the court's attention and the court will be entitled to consider any failure by the defendant to fulfill any obligation under this Agreement.

26.    Non-Limitation on Government's Response.  Nothing in this Agreement shall restrict or limit the nature or content of the United States' motions or responses to any motions filed on behalf of the defendant.  Nor does this Agreement in any way restrict the government in responding to any request by the court for briefing, argument or presentation of evidence regarding the application of Sentencing Guidelines to the defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

27.    Court Not Bound by Terms.  The defendant understands that the court is not a party to and is not bound by this Agreement or any recommendations made

17

by the parties. Thus, the court is free to impose upon the defendant **any sentence up to and including the maximum sentence of imprisonment for 5 years, a fine of \$250,000, the forfeiture of assets, a maximum term of supervised release of up to 1 year,** which shall be served at the conclusion of an in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits and assessments totaling \$100.

28.   <u>No Withdrawal of Plea Based on Sentence or Recommendations</u>.   If the court imposes a sentence with which the defendant is dissatisfied, the defendant will not be permitted to withdraw any guilty plea for that reason alone, nor will the defendant be permitted to withdraw any pleas should the court decline to follow any recommendations by any of the parties to this Agreement.

29.   <u>Breach of Agreement</u>.   In the event the United States believes the defendant has failed to fulfill any obligations under this Agreement, then the United States shall, in its discretion, have the option of petitioning the court to be relieved of its obligations. Whether or not the defendant has completely fulfilled all of the obligations under this Agreement shall be determined by the court in an appropriate proceeding at which any disclosures and documents provided by the defendant shall be admissible and at which the United States shall be required to establish any breach by a preponderance of the evidence. In order to establish any

18

breach by the defendant, the United States is entitled to rely on statements and

evidence given by the defendant during the cooperation phase of this Agreement.

30.   Remedies for Breach. The defendant and the United States agree that

in the event the court concludes that the defendant has breached the Agreement:

(a) The defendant will not be permitted to withdraw any guilty plea
tendered under this Agreement and agrees not to petition for withdrawal of any
guilty plea;

(b)   The United States will be free to make any recommendations to the
court regarding sentencing in this case;

(c)   Any evidence or statements made by the defendant during the
cooperation phase will be admissible at any trials or sentencings;

(d)   The United States will be free to bring any other charges it has against
the defendant, including any charges originally brought against the defendant or
which may have been under investigation at the time of the plea. The defendant
waives and hereby agrees not to raise any defense to the reinstatement of these
charges based upon collateral estoppel, Double Jeopardy or other similar grounds.

31.   Violation of Law While Plea or Sentence Pending. The defendant

understands that it is a condition of this Plea Agreement that the defendant refrain

from any further violations of state, local or federal law while awaiting plea and

sentencing under this Agreement. The defendant acknowledges and agrees that if

the government receives information that the defendant has committed new crimes

while awaiting plea and/or sentencing in this case, the government may petition the

court and, if the court finds by a preponderance of the evidence that the defendant

has committed any other criminal offense while awaiting plea or sentencing, the Government shall be free at its sole election to either: (a) withdraw from this Agreement; or (b) make any sentencing recommendations to the court that it deems appropriate. The defendant further understands and agrees that, if the court finds that the defendant has committed any other offense while awaiting plea or sentencing, the defendant will not be permitted to withdraw any guilty pleas tendered pursuant to this Plea Agreement, and the government will be permitted to bring any additional charges which it may have against the defendant.

32.   Transfer of Case to IRS. The defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning the defendant and/or this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, law enforcement agencies and licensing and regulatory agencies.

33.   Collection Action by IRS. Nothing in this Agreement shall limit the Internal Revenue Service in its collection of any taxes, interest or penalties due from the defendant arising out of or related in any way to the offenses identified in this Agreement.

12/09/2014 11:40 FAX  973 992 1505        Walder Hayden                    @0022/0024

34.   Agreement Not Binding on Other Agencies.  Nothing in this
Agreement shall bind any other United States Attorney's Office, state prosecutor's
office or federal, state or local law enforcement agency.

35.   Plea Agreement Serves Ends of Justice.  The United States is entering
into this Plea Agreement with the defendant because this disposition of the matter
fairly and adequately addresses the gravity of the series of offenses from which the
charges are drawn, as well as the defendant's role in such offenses, thereby serving
the ends of justice.

36.   Merger of All Prior Negotiations.  This document states the complete
and only Plea Agreement between the United States Attorney for the Middle
District of Pennsylvania and the defendant in this case, and is binding only on the
parties to this Agreement and supersedes all prior understandings or plea offers
whether written or oral.  This agreement cannot be modified other than in writing
that is signed by all parties or on the record in court.  No other promises or
inducements have been or will be made to the defendant in connection with this
case, nor have any predictions or threats been made in connection with this plea.
Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the defendant
certifies that the defendant's plea is knowing and voluntary, and is not the result of

force or threats or promises apart from those promises set forth in this written Plea Agreement.

37.  Deadline for Acceptance of Plea Agreement.  The original of this Agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on or before 5:00 p.m., **December 5, 2014,** otherwise the offer may, in the sole discretion of the Government, be deemed withdrawn.

38.  Required Signatures.  None of the terms of this Agreement shall be binding on the Office of the United States Attorney for the Middle District of Pennsylvania until signed by the defendant and defense counsel and then signed by the United States Attorney or his designee.

### ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney.  I fully understand it and I voluntarily agree to it.

12/9/14
Date

Jay M. Findling
Defendant

I am the defendant's counsel.  I have carefully reviewed every part of this agreement with the defendant.  To my knowledge my client's decision to enter into this agreement is an informed and voluntary one.

22

12/09/2014 11:41 FAX  873 892 1505       Walder Hayden                        0024/0024

12/9/2014
Date

Justin P. Walder, Esq.
Counsel for Defendant

PETER J. SMITH
UNITED STATES ATTORNEY

12/18/14
Date

By:

Kim Douglas Daniel
ASSISTANT U.S. ATTORNEY

12/9/14

23